UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AHIJAH BURGESS,

        Plaintiff,

   v.

COLUMBIA RECOVERY GROUP, LLC, et al.,

        Defendants.

CASE NO. C17-5325 RBL

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Columbia Debt Recovery's Motion for Summary Judgment [Dkt. # 39]. Plaintiff Burgess[1] was a tenant in the Rainier Pointe apartments. When Burgess vacated the apartment, Rainier claimed he owed $532.08, including charges for rent, utilities, cleaning ($105), and replacing a damaged carpet ($295). Burgess conceded that he owed $125.56 after application of his $99 deposit to the outstanding utilities bills

Burgess disputed the need for cleaning or replacing the carpet. He claimed that the apartment was "very clean" when he left. He has submitted a video purporting to show that fact, but it is in several parts taken over several days and some of the video is taken before he moved

---

[1] Burgess' mother was also a tenant, and has submitted evidence, but is not a party.

out. The worn or fraying carpet seam is visible in one video. The apartment's cleanliness at the time he vacated is not.

Burgess did not pay any amount and the debt was assigned to Columbia[2] for collection. Burgess complained and Columbia verified the accuracy of the debt with Rainer Pointe. It concluded that the debt was valid and that it had not been paid, and it reported the debt (and the fact that it was disputed) to the credit agencies.

Burgess sued Columbia (and others) under the Fair Debt Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA)[3]. He claims the debt is not valid and that Columbia's investigation was not reasonable. He claims Columbia knowingly sent false information to the credit reporting agencies, violating 15 U.S.C. § 1692e(8). He also claims Columbia violated 15 U.S.C. § 1692c(a)(2) when it contacted him directly (by mail) while he was represented by an attorney.

Columbia argues that it is entitled to judgment as a matter of law on Burgess' FDCPA claims. It argues that Burgess must prove that it knew or should have known Rainier Pointe's claim was "false" when it reported that debt to the credit agencies. It claims there is no evidence it had such knowledge, and emphasizes that it had no obligation to independently investigate the accuracy of the information provided to it by its client. Even after a notice of dispute, the debt collector is required only to reasonably verify the debt with the client creditor and report the

---

[2] The debt was first assigned to Defendant Columbia Recovery Group (CRG). It does not appear that Burgess ever effected service on CRG. In any event, Columbia Debt Recovery purchased CRG, and is its successor. This Order will reference Columbia Debt Recovery as "Columbia" for clarity. Columbia is actively defending both its own conduct and that of its predecessor, CRG. [*See* Dkt. # 39 at 7]. Columbia claims it is the last remaining defendant, and Burgess does not dispute that assertion.

[3] Burgess' Response abandons his FCRA claim, leaving only his FDCPA claim against Columbia.

conclusion to the debtor, in writing. *See Clark v. Capital Credit & Collection Services,* 460 F.3d 1162, 1174 (9th Cir. 2006). Columbia demonstrates that it did so.

Columbia argues that even if the debt information it reported *was* incorrect, it is entitled to the *bona fide* error defense as a matter of law. *See* 15 U.S.C. § 1692k(c). It acknowledges that it has the burden of proof on this defense, but argues the evidence demonstrates it had in place procedures to prevent the possibility of reporting false information. It emphasizes it had the right to reasonably rely on the information provided, without any obligation to independently investigate the contract or the factual dispute about the apartment's cleanliness. It claims this same defense applies its direct (mail) contact with Burgess: it contacted Burgess rather than his attorney due to a change in software related to its purchase of CRG.

Burgess argues that the issue is whether Columbia "has met its burden to prove that there is no genuine dispute of fact that it is not the case that it 'should have known' that the amount of the debt was false at the time it reported the debt." [Dkt. # 45 at 2]. He claims his proof demonstrates that the carpet was worn out and that the apartment was clean, and that Columbia refused to view his evidence. He claims that once he offered proof of the apartment's condition, Columbia was no longer entitled to relay on the landlord's information. Thus, he claims. Columbia is not entitled to a bona fide error defense on the debt reporting. He effectively claims that the debt collector must both agree with the debtor's story, or factually and legally adjudicate the dispute, before reporting the creditor's claim to credit agencies.

Burgess also claims Columbia is not entitled to pre-judgment interest, and that its claim for such interest was itself a violation of the FDCPA, because he offered to pay a portion of the debt. But he did not offer that $126.56 unconditionally; he offered it only in full settlement of the

claim. The effort to make this a stand alone FDCPA claim (especially in response to summary judgment) is not effective.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must *view all evidence in the light most favorable to the nonmoving party* and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986) (emphasis added); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Columbia's primary defense—that it is required only to reasonably verify the allegations of the debt owed, and that Burgess cannot meet his burden of demonstrating that Columbia knew the debt it reported was false—is correct. *See Clark v Capital Credit & Collection Svs.*, 460 F.3d 1162, 1174 (9th Cir. 2006) (a debt collector's determination that the debt is valid must be reasonable, though it need not engage in an independent investigation of the correctness of the documentation). And Burgess's own authority establishes that a debt collector is not required to accept the debtor's representation that the debt is not owed. *See Chinnick v National Credit System Inc.*, 2017 WL 448377, *4 (W.D. Wash., February 2. 2017).

This is not a case where the reported debt resulted from a billing, accounting, or mathematical error. Burgess claims the carpet had to be replaced due to normal wear and tear (demonstrated by the fraying seam in the video), not because of his pet's urine. Rainier Pointe claims it was due to the urine. The video could not help a fact finder determine if the carpet smelled like pet urine.

Burgess also claims the apartment did not have to be cleaned because he cleaned it when he moved out. But his video does not show every corner of the apartment, certainly not after vacating, and it does not demonstrate that the apartment was "clean enough." [*See* Dkt. 46-4, Exhibit D]. Rainier Pointe claims that it professionally cleans every unit after a tenant leaves, in preparation for the next tenant.

The video does show that the carpet was worn on one seam, but it obviously cannot and does not address whether it smelled like pet urine, which was the landlord's stated reason for replacing it. Even viewed in the evidence most favorable to him, Burgess has not shown that Columbia knew that Rainier Pointe's claimed debt was "false" when it reported that debt (and the fact that it was disputed) to the credit agencies. He has not shown that the claimed debt was

in fact false, even now: there has been no adjudication of whether the carpet smelled of dog urine, or whether the apartment required a $105 "full clean" in advance of the next tenant, despite Burgess's own cleaning efforts. There is no legal or logical authority for the proposition that the debt collector was required to adjudicate either of these disputes before reporting the debt.

Columbia's Motion for Summary Judgment on Burgess's FDCPA claim is therefore GRANTED. Accordingly, the bona fide error defense as to the debt itself is moot.

As to the claim that Columbia violated the FDCPA when it contacted Burgess while he had an attorney, the bona fide error defense does apply. Burgess concedes that the mistake was made in good faith and was not intentional. But he claims that Columbia's procedures were lacking and claims the proof is that a mistake was made. That is not the standard. The employee who wrote the relatively innocuous[4] letter was trained, but she made a mistake: she thought the "suite 1500" in Burgess' new address was an attorneys' office. If the bona fide error does not apply to single, reasonable, minor, good faith, and harmless errors such as this, there is no such defense.

Columbia's Motion for Summary Judgment on this FDCPA claim is also GRANTED. Because there are no pending claims against any defendant, the matter is CLOSED.

IT IS SO ORDERED.

Dated this 5th day of February, 2019.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge

---

[4] The communication at issue was an "account verification" which itself resulted from Burgess' dispute of the claim to Experian. Experian notified Columbia, and Columbia notified Experian (and Burgess) of the results of its ensuing investigation. [*See* Dkt. # 41].

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 6